UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br>    v. )<br>ROBERT KESLING, )<br>    Defendant. ) | CASE NO.   CR05-173 JLR<br><br>DETENTION ORDER |

Offenses charged:

    Count 1:    Conspiracy to Distribute Cocaine and Marijuana, in violation of Title 21, U.S.C., Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846;

    Count 2:    Conspiracy to Import Marijuana, in violation of Title 21, U.S.C., Section 952, 960(b)(2)(G), and 963;

    Count 3:    Conspiracy to Export Cocaine, in violation of Title 21, U.S.C., Sections 953, 960(b)(1)(B), and 963;

    Count 4:    Possession of Cocaine with Intent to Distribute, in violation of Title 21, U.S.C., Sections 841(a)(1) and 841(b)(1)(A), and Title 18, U.S.C., Section 2; and

DETENTION ORDER
PAGE -1-

Count 5:   Possession of Marijuana with Intent to Distribute, in violation of Title 21, U.S.C., Sections 841(a)(1) and 841(b)(1)(B), and Title 18, U.S.C., Section 2.

Date of Detention Hearing: May 18, 2005.

The Court, having conducted an uncontested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The Government was represented by Ron Friedman and Susan Roe. The defendant was represented by Robert Huff.

The Government argued for detention, pointing out that the evidence of this case is not speculative but, in fact, corroborated by taped conversations of the defendant. Maintaining that the defendant is a flight risk, the Government noted that the taped conversations of the defendant comprised of an elaborate plan for his co-conspirator to flee to Mexico, stating that he would follow in one week. The Government also noted that the defendant has ties in Canada and Mexico, and has traveled to Mexico at least twice to meet with individuals in the drug organization. The recordings reveal that the defendant liquidated his assets to avoid Government seizure, which the Government noted as further facilitating the defendant's pre-arranged flight to Mexico.

The Government asserted that the defendant is a danger and therefore should be detained. Supporting this position, the Government reported that 150 kilograms of cocaine were seized in this instant offense, citing its street value of approximately $34 million dollars, U.S. currency; this, in addition to the reported $1 million dollar approximation of the seized marijuana. Finally, the Government reported that additional items were seized from the defendant, including multiple assault weapons, a semi-automatic firearm, the

DETENTION ORDER
PAGE -2-

defendant's passport, and $3,000 U.S. currency.

The defense stipulated to detention, requesting leave to reopen the matter of detention should circumstances change.

### FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) There is probable cause to believe the defendant committed the conspiracy drug offense. The maximum penalty is in excess of ten years. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) Using the factors below, under Title 18 § 3142 (g), the Court considered the following:

    (a) <u>The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug</u>. The charges in this matter are serious conspiracy drug offenses; the substantial amount of drug trafficking appears to be at the behest of the defendant.

    (b) <u>The weight of the evidence</u>. Tape recordings of the defendant tie the material evidence of criminal activity to the defendant; the defendant's own words further indicate his activity and preparation to flee to Mexico. Additionally, the gravity of the evidence is reflected in the amount of drugs seized, the combined street value being over $34 million dollars U.S. currency, as well a the seizure of twelve firearms, cash and the defendant's passport.

    (c) <u>Risk of danger to the community</u>. The Court finds that the

|   |   |   |
|---|---|---|
| | | defendant poses a risk of danger to the community given the nature of the charges and the amount of firearms seized in the instant offense.  The Court is particularly concerned with the defendant's threats of bodily harm to others, as reflected in taped conversations.  It should be noted that the defendant is a highly trained "ultimate" fighter. |
| | (3) | The defendant stipulated to detention. |
| | (4) | Based upon the foregoing information, which is consistent with the recommendation of U.S. Pre-trial Services, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community. |

**It is therefore ORDERED**:

(l) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

//

DETENTION ORDER
PAGE -4-

1  //

2     (4)    The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 23rd day of May, 2005.

*[signature]*
MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -5-